IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TIZAZU F. AREGA,

    Petitioner,

v.

CHILLICOTHE CORRECTIONAL
INSTITUTION,

    Respondent.

CASE NO. 2:16-CV-00618
JUDGE MICHAEL H. WATSON
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

On August 1, 2016, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules governing Section 2254 Cases in the United States District Courts recommending that the *Petition* be dismissed as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d). (ECF No. 3.) Petitioner has filed objections the Magistrate Judge's *Report and Recommendation.* (ECF Nos. 8, 11.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's objections (ECF Nos. 8, 11) are **OVERRULED**. The *Report and Recommendation* (ECF No. 3) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

Petitioner's request for the appointment of counsel and for an evidentiary hearing are **DENIED**.

This case involves Petitioner's March 1, 2012, convictions after a jury trial in the Franklin County Court of Common Pleas on rape and sexual battery. The trial court imposed a sentence of nine years incarceration. *See State v. Arega*, 983 N.E.2d 863

(Ohio Ct. App. 2012). On December 6, 2012, the appellate court reversed Petitioner's sexual battery conviction, but otherwise affirmed the judgment of the trial court. *Id.* Because the sexual battery and rape convictions merged, re-sentencing was not required. *Id.* at 871. Petitioner did not timely appeal. On May 2, 2014, he filed a delayed application to reopen the appeal pursuant to Ohio Appellate Rule 26(B). On June 10, 2014, the appellate court denied the motion as untimely. On January 2, 2015, Petitioner filed a petition for post conviction relief. On April 30, 2015, the trial court denied the post conviction petition. Petitioner did not timely appeal. On June 22, 2015, the appellate court denied Petitioner's motion for a delayed appeal. On May 18, 2016, the Ohio Supreme Court denied Petitioner's motion for a delayed appeal.

On June 24, 2016, Petitioner filed the instant *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254. He asserts that he was denied the effective assistance of counsel because his attorney failed to obtain discovery, investigate the charges and file a motion to dismiss the indictment, and failed to introduce evidence regarding the alleged victim's "original statement" to show that she falsely testified against Petitioner in order to influence the outcome of pending civil litigation and the State's evidence was fabricated (claim one); that he was denied a fair trial due to prosecutorial misconduct, because the State submitted false and altered evidence and misrepresented the alleged victim's eye and physical condition (claim two); that he was denied the effective assistance of appellate counsel because his attorney failed to raise an issue regarding fraud by defense counsel and the prosecutor, misrepresented evidence, and failed to properly argue that the evidence was constitutionally insufficient to sustain Petitioner's rape conviction and that his rape conviction was against the manifest weight of the

2

evidence (claim three); and that he is actually innocent (claim four). The Magistrate Judge recommended dismissal of this action as time-barred.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of this case as untimely. He argues that dismissal of this case as barred by the one-year statute of limitations is premature. Petitioner disputes the factual findings of the state appellate court as incomplete or inaccurate. Petitioner claims that he was unavoidably prevented from discovery of new evidence and has diligently pursued his rights. He maintains that new evidence may be brought to bear in regard to his claims. Petitioner also states that he can establish cause and prejudice for any procedural default. He argues at length regarding the merits of his claims.

Petitioner asserts that the Court should equitably toll the running of the statute of limitations, because he was prevented from earlier obtaining the evidence in support of his claims of fraud and the use of fabricated evidence against him. Specifically, Petitioner alleges that the prosecution altered Mary Mesi's "SANE" (sexual assault nurse examination) notes, or State's Exhibit 8, by referencing the word "penis" when the alleged victim did not make use of that term, and fabricating DNA evidence contained in State's Exhibit 17 indicating that Petitioner's DNA matched semen found on N.B.'s shorts and in her vagina. *See State v. Arega,* 983 N.E.2d at 865; *Amended Objection* (ECF No. 11, PageID# 174-75, 179.) Petitioner contends that such evidence, and evidence including Detective Sprague's interview of the alleged victim, Terrika. Roy, Monique Cobb, "Ms. Grace," a voice mail message of an attorney of the alleged victim, and a text message between Petitioner and the alleged victim all constitute new evidence establishing his actual innocence of the charges against him, because

3

defense counsel did not advise him about the altered documents or did not cross examine Roy on certain issues. (PageID# 179-80.) According to Petitioner, the voice mail message he refers to from the alleged victim's civil attorney provides new evidence of his innocence because it was not introduced at trial and shows that her civil attorney exerted influence over the content of police report(s), presumably in order to influence the outcome of the civil case. (PageID# 181.)

Petitioner maintains that he has acted diligently. He claims that he could not timely file this federal habeas corpus petition because his attorneys acted improperly and performed in a constitutionally ineffective manner. Petitioner maintains states that Attorney David Young, who previously represented him in this action, refused to expose the unlawful charges against Petitioner or disclose fabricated or altered evidence of the prosecution because Young was running for judge of the Franklin County Court of Common Pleas, and thereby suffered an improper conflict of interest. (PageID# 181-82.) Petitioner argues that defense counsel, Attorney Javier Armengau, acted recklessly in regard to his representation of Petitioner, as evidenced by criminal charges later filed against Armengau unrelated to this case, and that Armengau failed to obtain or provide Petitioner with pertinent discovery material relating to fraud and fabricated evidence. (PageID# 182-83.) Petitioner claims that defense counsel, Attorney Karen Phipps, failed to investigate or advise Petitioner about the prosecution's use of false and fabricated evidence. (PageID# 184.) Petitioner similarly claims that his appellate counsel misrepresented the evidence against him, particularly in regard to DNA material. (PageID# 186.) Petitioner further complains that Attorney Elizabeth Miller of the public defender's office erroneously advised him that he had no potentially

4

meritorious issues for post conviction relief, thus preventing him from timely filing. (PageID# 187.) Petitioner maintains that he was denied access to discovery material, relied on improper advice of his attorneys, and diligently attempted to obtain copies of his trial record. (PageID# 187-88.) Petitioner seeks an evidentiary hearing and the appointment of counsel. Petitioner has submitted his own *Affidavit* and other documents, as well as a *Memorandum in Support* of his objections (PageID# 191-206.)

Pursuant to the terms of 28 U.S.C. §2244(d)(1)(A), Petitioner's judgment of conviction became final in January 2013, when the time period expired to file a timely appeal to the Ohio Supreme Court. The statute of limitations expired one year later, in January 2014. Petitioner waited more than two years later, until June 24, 2016, to execute this habeas corpus petition. Moreover, none of his subsequent filings in the state courts served to toll the running of the statute of limitations under 28 U.S.C. § 2244(d)(2), as he filed all such actions well after the statute of limitations had already expired. "[T]ime limits, no matter their form, are 'filing' conditions, and where the state court rejects a post conviction or collateral action as untimely, it was not "properly filed" so as to toll the running of the statute of limitations under § 2244(d)(2). *Pace v. DiGuglielmo,* 544 U.S. at 417. *See also Isreal v. Warden, Lebanon Correctional Inst.*, No. 2:13–cv–50, 2013 WL 578594 at *4 (S.D.Ohio Oct. 28, 2013) (citing *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004) (*per curiam*) (concluding that a motion for a delayed appeal denied by the Ohio Supreme Court as untimely does not toll the running of the statute of limitations under § 2244(d)(2)).

The AEDPA's limitations period is not jurisdictional and is subject to equitable tolling. Such equitable tolling, however, is granted sparingly in habeas cases. *See Hall*

*v. Warden, Lebannon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011). In order to establish equitable tolling, a petitioner must establish that (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in his way and prevented him from filing in a timely fashion. *See id*. The United States Supreme Court established this two-part "extraordinary circumstance" test in *Holland v. Florida*, 560 U.S.641, 649 (2010) (citing *Pace,* 544 U.S. at 418)). Petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011). The Supreme Court has allowed equitable tolling where a claimant actively pursued judicial remedies by filing a timely, but defective pleading, or where he was induced or tricked by his opponent's misconduct into allowing the filing deadline to pass. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Where the claimant failed to exercise due diligence in preserving his legal rights, courts are much less forgiving. *Id*.; *Jurado v. Burt*, 337 F.3d 638, 642–43 (6th Cir. 2003). A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials, either together or alone, do not provide sufficient justification to apply equitable tolling of the statute of limitations. *Hall,* 662 F.3d at 751 (citation omitted). These are conditions typical for many prisoners and do not rise to the level of exceptional circumstances. *Groomes v. Parker*, No. 3:07–cv–0124, 2008 WL 123935, at *5 (M.D.Tenn. Jan.9, 2008) (citing *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004)). "Generally, a habeas petitioner's reliance on unreasonable or incorrect legal advice from his attorney is not a valid ground for equitable tolling of the statute of limitation." *Brown v. Bauman*, No. 2:10–cv–264, 2012 WL 1229397, at *9 (W.D.Mich. April 12, 2012) (citations omitted). "The fact that Petitioner may be ignorant

6

of the law and instead chose to rely on counsel, in itself, does not provide a basis for equitable tolling. Neither a prisoner's *pro se* status nor his lack of knowledge of the law constitute[s] extraordinary circumstances justifying equitable tolling." *Taylor v. Palmer*, No. 2:14–cv–14107, 2014 WL 6669474, at *4 (E.D.Mich. Nov.11, 2014) (citing *Rodriguez v. Elo*, 195 F.Supp.2d 934, 936 (E.D.Mich. 2002); *Johnson v. United States*, 544 U.S. 295, 311 (2005) ("[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness")). The mere failure to obtain transcripts or other relevant court documents does not constitute an extraordinary circumstance justifying equitable tolling of the statute of limitations. *See Chrysler v. Guiney*, 14 F.Supp.3d 418, 444 (S.D.N.Y. 2014)(citations omitted).

Petitioner claims, essentially, that he was unable to earlier discover the underlying basis for at least some of his claims relating to the fraud and fabrication of evidence against him, despite his exercise of reasonable diligence, and due to the alleged ineffective assistance of his attorneys. Petitioner's argument is not persuasive.

Under the provision of 28 U.S.C. § 2244(d)(1)(D), a petitioner must file his habeas corpus petition one year from the date that his claim "could have been discovered through the exercise of due diligence." The question is not when a prisoner first learns of the factual predicate for his claim, but rather when he should have learned of it had he exercised reasonable care. *Townsend v. Lafler*, 99 F. App'x 606, 608 (6th Cir. 2004) (citations omitted). "Section 2244(d)(1)(D)…does not convey a statutory right to an extended delay while a habeas petitioner gathers evidence that might support a claim." *Brooks v. McKee*, 307 F. Supp. 2d 902, 906 (E.D. Mich. 2004) (citation omitted).

7

It is the petitioner's burden to establish that he exercised due diligence in searching for the factual predicate for his habeas corpus claim. *Redmond v. Jackson,* 295 F.Supp.2d 767, 772 (E.D. Mich. 2008)(citing *Stokes v. Leonard,* 36 F. App'x 801, 804 (6th Cir. 2002)).

However, all of the evidence Petitioner refers to in support of his claims was available to him and/or admitted at trial, and subject to cross-examination by defense counsel. Moreover, Petitioner's conclusory allegation that the prosecution fabricated or altered evidence constitutes mere speculation and is entirely without record support. The documents he refers to were available to him and are a part of the trial record. Nothing supports Petitioner's claim that he could not earlier pursue his claims because his attorneys or the prosecutor withheld such evidence from him. Likewise, the record is without support for his claim that an email or text messages constitutes new evidence of actual innocence. Moreover, and contrary to Petitioner's allegation here, the record fails to establish he exercised diligence in pursuing his claims. He failed to file a timely appeal and failed to timely appeal the trial court's dismissal of his petition for post conviction relief. (See ECF No. 2-4, PageID# 63.) Additionally, filed his delayed Rule 26(B) application approximately sixteen months after it was due. (PageID# 59.) He waited more than two years after the statute of limitations had already expired to file this habeas corpus petition. Contrary to Petitioner's allegations here, nothing prevented him from timely filing.

Likewise, Petitioner has failed to establish that his actual innocence justifies equitable tolling of the statute of limitations. The one-year statute of limitations may be subject to equitable tolling upon a "credible showing of actual innocence." *Souter v.*

8

*James*, 395 F.3d 577, 602 (6th Cir. 2005). Accordingly, "a petitioner whose claim is otherwise time-barred may have the claim heard on the merits if he can demonstrate through new, reliable evidence not available at trial, that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Yates v. Kelly*, No. 1:11-cv-1271, 2012 WL 487991. at *1 (N.D. Ohio Feb. 14, 2012) (citing *Souter,* 395 F.3d at 590). Actual innocence means factual innocence, not mere legal sufficiency. *See Bousely v. United States*, 523 U.S. 614, 623 (1998). Equitable tolling is required upon a showing of actual innocence because the refusal to consider even an untimely habeas petition would cause a fundamental miscarriage of justice. *See Patterson v. Laffer*, No. 10-1379, 2012 WL 48186, at *3 (6th Cir. Jan. 9, 2012). The Petitioner must overcome a high hurdle in order to establish his actual innocence.

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup*, 513 U.S. at 316. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317, 513 U.S. 298, 115 S. Ct. 851, 130 L.Ed.2d 808.... "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S. Ct. 851, 130 L.Ed.2d 808. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " *Id*. at 321, 513 U.S. 298, 115 S. Ct. 851, 130 L.Ed.2d 808.

9

*Id.* at 589-90 (footnote omitted). A petitioner who asserts a convincing claim of actual innocence need not establish that he was diligent in pursuing this claim. *McQuiggin v. Perkins*, -- U.S. --, 133 S. Ct. 1924, 1932-33 (2013). Unexplained delay, however, still undermines the petitioner's credibility. The Supreme Court has emphasized that "[t]o invoke the miscarriage of justice exception to AEDPA's statute of limitations, we repeat, a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 1935 (quoting *Schlup*, 513 U.S. at 332, 327).

Petitioner has failed to provide credible evidence of actual innocence. He has provided no new reliable evidence supporting his claim of actual innocence. Thus, Petitioner has failed to establish he is entitled to equitable tolling on this basis.

For all of the foregoing reasons and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's objections (ECF Nos. 8, 11) are **OVERRULED**. The *Report and Recommendation* (ECF No. 3) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

Petitioner's request for the appointment of counsel and an evidentiary hearing are **DENIED**.

**IT IS SO ORDERED.**

Michael H. Watson, Judge
United States District Court